IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EMMANUEL ADEYINKA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>EMPIRE TOWING AND TRANSPORT, CLACKAMAS COUNTY SHERIFF OFFICE, BURLINGTON, MATT ROACH, BRETT ETHINGTON, and LETITIA WALKERS,<br><br>　　　　　Defendants. | Case Nos.: 3:23-cv-00316-YY<br>　　　　　　3:23-cv-00317-YY<br><br><br>ORDER |

**Adrienne Nelson, District Judge**

　　　　United States Magistrate Judge Youlee Yim You issued Findings and Recommendation ("F&R") in this case on September 11, 2023. Judge You recommended that this Court deny plaintiff Emmanual Adeyinka's Motion for Relief, ECF [39], and dismiss plaintiff's claims against all defendants with prejudice. Plaintiff filed objections on September 15, 2023.

　　　　A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* If no objections are filed, then no standard of review applies. However, further review by the district court *sua sponte* is not prohibited. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

　　　　Because plaintiff has filed objections, this Court reviews those portions of Judge You's F&R under a de novo standard. The Court addresses only the sections of plaintiff's objections that identify specific potions of the F&R. Construed liberally, plaintiff objects to the following portions of Judge You's F&R: (1) the exclusion of the Clackamas County defendants; (2) the finding that the Court lacks subject-

1

matter jurisdiction; (3) the finding that plaintiff's constitutional claims against Empire Towing should be dismissed; (4) the finding that, pursuant to a settlement agreement, plaintiff agreed to accept the return of his property "as is"; and (5) the finding that Burlington should be dismissed as a defendant.

Plaintiff's first and fourth objections are related and are therefore addressed together. Plaintiff entered into a settlement agreement with the Clackamas County defendants in April of 2023 which stated, "Plaintiff agrees to take possession of the vehicle and travel trailer in its condition as-is, with no warranties or assurances from County whatsoever." Settlement Agreement, ECF [29], at ¶ 6. Although plaintiff alleged in his Fourth Amended Complaint that the agreement was "unconstitutional," Judge You found that the agreement was enforceable. Plaintiff's objections reference Oregon Revised Statute ("ORS") §§ 90.425, 90.485, 98.805, 98.812, 98.830, 98.840, 98.852, 98.854, 98.856, 98.858, 98.861, 646.608, and 822.215. These statutes have no bearing on the enforceability of the settlement agreement, and the Court agrees with Judge You that the agreement is enforceable. Therefore, plaintiff cannot maintain claims against the Clackamas County defendants.

Plaintiff's remaining objections are similarly related. Plaintiff alleges that the Court has subject matter jurisdiction under ORS § 164.135, and his Fourth, Fourteenth, and Fifth Amendment claims. ORS § 164.135 cannot confer subject matter jurisdiction upon this Court. Further, the Court agrees with Judge You that plaintiff cannot assert his constitutional claims against Empire Towing because they are a private entity, not a state actor. The Court also agrees with Judge You that plaintiff has identified no state statute for his claims against Empire Towing or Burlington that creates a private cause of action. Therefore, this Court lacks subject matter jurisdiction to hear plaintiff's remaining claims over defendants Empire Towing and Burlington and, even if the Court had such jurisdiction, plaintiff has identified no state statute conferring a private cause of action against these defendants.

## CONCLUSION

Accordingly, the Court ADOPTS Judge You's F&R, ECF [40]. Plaintiff's Motion for Relief, ECF [39], is DENIED, and all claims against the remaining defendants are DISMISSED with prejudice. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 13th day of December, 2023.

_____
Adrienne Nelson
United States District Judge